UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 13-208 |
| ALLISON CHRISWELL | SECTION "F" |

ORDER AND REASONS

Before the Court is a motion to reduce sentence filed by Allison Chriswell, *pro se*. For the reasons that follow, the motion is DENIED.

**Background**

After pleading guilty to conspiracy to possess with the intent to distribute methamphetamine, Ms. Chriswell was sentenced in October 2016 to serve 96 months in prison. After the sentencing hearing, the Court granted her motion to participate in a Bureau of Prisons drug rehabilitation program. Ms. Chriswell now seeks a reduction in sentence, home confinement, or residential re-entry placement on the grounds that she has served over half of her sentence without incident; her mother is living in an assisted

living home due to health issues; and her daughter is a single mother.[1]

### I.

*A.*

On April 11, 2017, the Court granted Ms. Chriswell's request for appointment of counsel, and the Federal Public Defender's Office was appointed to represent her. However, on September 19, 2017, the Federal Public Defender's Office moved to withdraw itself as counsel, stating:

> After undertaking a review of the record, and the relevant case law, undersigned counsel has not identified a legal vehicle for the reduction of Ms. Chriswell's sentence, including issues which currently give rise to a Motion to Vacate under § 2255, nor any retroactive Guidelines amendments which would warrant relief under 18 U.S.C. § 3582(c)(2).

The Court granted the motion to withdraw as counsel. Accordingly, Ms. Chriswell proceeds *pro se* in her request for a sentence reduction.

*B.*

18 U.S.C. § 3582 states

> **(b) Effect of finality of judgment.**—Notwithstanding the fact that a sentence to imprisonment can subsequently be—

---

[1] In the alternative, she requested that counsel be appointed to represent her.

>    (1) modified pursuant to the provisions of subsection (c);
>    (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>    (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

Simply put, once imposed, a district court generally is prohibited from modifying a prison sentence. 18 U.S.C. § 3582(c). None of the limited exceptions to that rule are triggered by the grounds advanced by Ms. Chriswell. See id. (Section 3582(c) articulates exceptions to the general rule precluding modification of terms of imprisonment including: the district court may reduce a prison term upon motion of the Director of the Bureau of Prisons if certain conditions are met; the district court may modify an imposed term of imprisonment to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;[2] the district court may modify a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) after considering sentencing factors and Sentencing Commission policy statements). The Court is not without sympathy for Ms. Chriswell's

---

[2] Rule 35 permits a sentence reduction as a result of a defendant's substantial assistance, "upon the government's motion." Fed. R. Cr. P. 35(b).

family circumstances.  However, the Court's authority to reduce the term of imprisonment is restricted.  Accordingly, Ms. Chriswell's request for reduction of sentence is hereby DENIED.

New Orleans, Louisiana, September 27, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE